CHRISTOPHER P. BURKE, ESQ.  *ECF FILED ON 06/18/07*
Nevada Bar No.: 004093
*atty@cburke.lvcoxmail.com*
218 S. Maryland Pkwy.
Las Vegas, Nevada 89101
(702) 385-7987
Attorney for Appellant

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH JUDICIAL CIRCUIT COURT OF APPEALS**

| | |
|---|---|
| In Re:                                ) | BK-S-06-11566-BAM |
|                                             ) | Chapter 13 |
| **JASON RANSOM,**                     ) | Appeal Ref.# |
|                                             ) | |
|       Debtor,                         ) | |
| _____) | |
| **JASON RANSOM,**                     ) | |
|                                             ) | |
|       Appellant,                      ) | |
|                                             ) | **APPELLANTS' MOTION FOR LEAVE** |
| Vs.                                   ) | **TO APPEAL INTERLOCUTORY ORDER** |
|                                             ) | |
| **MBNA, AMERICA BANK, N.A.,**         ) | |
|                                             ) | |
|       Appellee.                       ) | |
| _____) | |

      Comes Now, JASON M. RANSOM, Debtor/Appellant (hereinafter "Debtor") and moves the Bankruptcy Appellate Panel for Leave to Appeal the Bankruptcy Court's Interlocutory Order Denying Confirmation dated June 6, 2007, pursuant to 28 U.S.C. §158(a)(2) and F.R.B.P. 8003.

      This is a paradigm case for interlocutory review. The issues are purely legal, squarely presented and if resolved in Appellants favor, dispositive ending the litigation. Although the Ninth Circuit itself has not ruled on this issue, across the country there are cases going both ways.

1

# I
# FACTS

Debtor filed a chapter 13 on July 5, 2006.

Debtors plan proposed $500.00 per month for sixty (60) months.

Debtor owns one (1) vehicle, a 2004 Toyota Camry (hereinafter "Camry") that is paid off.

In filling out Debtors B22C, he deducted both an operating expense and an ownership expense, on lines 27 and 28 respectively. This resulted in a monthly disposable income under §1325(b)(2) on line 58 of $210.00.

On September 5, 2006 Creditor, MBNA (hereinafter "MBNA" or "Creditor") objected to confirmation of Debtors plan. MBNA objected to Debtors deduction of the $471.00 ownership expense on the paid off Camry. MBNA argues Debtors disposable income is actually $681.00 per month.

Debtor voluntarily increased this payment to $600.00 on or about October, 2006.

On June 6, 2007 the Bankruptcy Court denied confirmation holding Debtor could not deduct the ownership expense on a paid off vehicle. Thus, Debtor's plan payment was too low as it failed to comply with §1325(b)(1)(B).

# II
# QUESTION PRESENTED

1. Whether a debtor can deduct the ownership expenses under B.A.P.C.P.A. on a paid off vehicle?

2. Whether debtors other arguments lend a basis to ignore

2

§707(b)(2) expenses.

### III
### ARGUMENT

**REASONS WHY AN APPEAL SHOULD BE GRANTED**

Congress has granted "district courts. . . jurisdiction to hear appeals. . .with leave of the court, from. . .interlocutory orders and decrees. . .of bankruptcy judges." 28 U.S.C. §158(a)(3); see *Allen v. Old Nat'l Bank of Washington (In re Allen)*, 896 F.2d 416, 418-419 (9th Cir. 1990)*(per curiam)* (bankruptcy judge's order denying a defendant's motion to dismiss is an appealable "interlocutory order" within the meaning of §158(a)(3)). In determining whether to accept interlocutory appeals under §158(a)(3), district "courts generally borrow the standards of 28 U.S.C. §1292(b), which provides for the discretionary review by circuit courts of certain interlocutory district court orders." *In re Pac. Gas & Elec.,* 280 B.R. 506,515(N.D. Cal. 2002); see *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 882(9th Cir. BAP 1995)(same).

Section 1292(b) lays out three guideposts for determining whether to certify an immediate appeal: first, whether the proposed appeal involves "a controlling question of law" in the sense of a purely legal question whose "resolution. . .could materially affect the outcome of litigation in the [trial] court," *In re Cement Antitrust Litig.,* 673 F.2d 1020, 1026 (9th Cir. 1982); second, whether there are "substantial ground[s] for difference[s] of opinion" regarding the questions presented by the proposed appeal, 28 U.S.C. §1292(b); and third, whether "an

3

immediate appeal" is likely to "materially advance the ultimate termination of the litigation." *Id.* Here, all three elements for interlocutory review are present, and this Court thus should grant Ocwen's motion and consider its appeal on the merits.

**THE PROPOSED APPEAL PRESENTS CONTROLLING QUESTIONS OF LAW**

The issues Appellant asks this Court to decide constitute "controlling question[s] of law," because they are purely legal in nature. A ruling in Appellant favor would require that the plan be confirmed a material impact under any conceivable standard. *Cf. Cement Antitrust Litig.,* 673 F.2d at 1026 (issue can be "controlling" even if reversal of the trial court's order *would not* "terminate the litigation"); *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria,* 951 F.2d 21 (2d Cir. 1990)("[I]t is clear that a question of law is 'controlling' if reversal of the [trial] court's order would terminate the litigation."); 16 Charles Alan Wright et al., Federal Practice and Procedure; Jurisdiction 2d §3930, pp. 423-424 (1996)(same). There is no directly controlling Ninth Circuit authority, and the Bankruptcy Court itself is encouraging this interlocutory order be heard. In its opinion, the Bankruptcy Court stated "the Court would favorably entertain a motion to certify the accompanying order for appeal". (Mem. pg.8,ln.15-16) There are—at the very least— "substantial ground[s] for difference[s] of opinion" nationwide regarding the correctness of the Bankruptcy Court's denial of confirmation based upon deducting the ownership expense. Compare In re Slusher, 359 B.R.290 (Bkrptcy.D.Nev.2007), with In re

4

Fowler, 349 B.R. 414,418 (Bkrptcy. D.Del.2006), In re Grunert, 353 B.R. 591,593 (Bkrptcy. E.D. Wis.2006), In re Farrar Johnson, 353 B.R. 225,230(Bkrptcy. N.D. Ill.2006).

## AN IMMEDIATE APPEAL OF THE BANKRUPTCY COURT'S RULING WILL MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION

Immediate consideration of the questions presented by Appellants proposed appeal is likely to "materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). Appellants contention that the ownership expense can be taken, if agreed by the appellate court, would allow the plan to be confirmed. *See, e.g., In re Pacific Gas and Electric Co,* 280 B.R. 506, 514 (N.D. Cal. 2002)(Section 1292(b) requirements met where preemption theory, if correct, would end case as a matter of law). Given that many of the cases on which Appellant relies upon agree with Debtors position, confirmation is a likely outcome. In short, prompt review of the Bankruptcy Court's decision has the potential to save substantial time and effort for both the litigants and the Bankruptcy Judge.

Furthermore, bankruptcy orders are immediately appealable if they "determine and seriously affect substantive rights and cause irreparable harm to the losing party if he has to wait to appeal to the end of the bankruptcy case." Mason at 1316. Thus, if the order finally determines the discrete issue to which they are addressed, as in this case, it is immediately appealable. In re Technical Knockout Graphics 833 F.2d 797, 800 (9th Cir. 1987). "Most adversary proceedings and contested matters in bankruptcy will satisfy the different test of being 'discrete disputes'

within the larger case." <u>Sumy v. Schlossberg</u>, 777 F.2d 921, 923, (4th Cir. 1985). Plan confirmation is a contested matter and this Order finally determined the discrete issue addressing whether a debtor could deduct the ownership expense on a paid off vehicle.

As stated earlier, if the only possible hearing left for the Bankruptcy Court is to confirm this case, the above decided issue falls under the gray area known as "collateral" finality. See <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 USC 541, 546, 69 S.Ct. 1221, 1225 93 L.Ed 1528(1949). In collateral finality, "the order appealed from must conclusively determine the disputed question. . . ., resolve an important issue completely separate from the merits of the action and be effectively unreviewable on appeal from a final judgment." <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed 2d. 351 (1978).

Finally, the Court has "adopted a test that emphasizes the need for immediate review, rather than whether the order is technically interlocutory, in determining what is appealable as a final judgment in bankruptcy proceedings." <u>White v. White</u>, 727 F.2d 884, 885, (9th Cir. 1984). Thus, this interlocutory appeal, should be granted because the controlling question of law involved has a substantial difference of opinion.

### III
### CONCLUSION

For the reasons stated above, Appellant respectfully requests that this Court grant it leave to appeal the June 6, 2007 Order of the Bankruptcy Court denying confirmation as there is a controlling question of law to which there is a substantial

6

difference of opinion.

DATED this 18th day of June, 2007.

Respectfully submitted,

/S/CHRISTOPHER P. BURKE, ESQ.
CHRISTOPHER P. BURKE, ESQ.
State Bar No.: 004093
218 S. Maryland Pkwy.
Las Vegas, NV  89101
(702) 385-7987
Attorney for Appellant